FILED
2017 Dec-12 AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ABRAHAM BURTON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | Case No. 2:14-CV-02471-MHH |
| v. | } | |
| | } | |
| MILES COLLEGE, | } | |
| | | |
| Defendant. | | |

### MEMORANDUM OPINION

This case is before the Court on defendant Miles College's motion for summary judgment. (Doc. 39). The college argues that plaintiff Abraham Burton cannot prove the elements of his age and sex discrimination claims and cannot establish that the college's legitimate, non-discriminatory reasons for its employment actions were mere pretext. For the reasons stated below, the Court finds that Mr. Burton cannot establish a prima facie case of discrimination. Therefore, the Court will grant the college's motion for summary judgment.

### STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is a genuine

1

dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When considering a summary judgment motion, the Court must view the evidence in the record and draw reasonable inferences in the light most favorable to the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## BACKGROUND

Mr. Burton is a 58-year-old man. (Doc. 30-1, p. 2). He works for Miles College as an assistant dormitory director. (Doc. 38-4, p. 2).[1] The following chart details the age, gender, and pay rate of the college's assistant dormitory supervisors, including Mr. Burton, sorted by pay rate, as of the date the college produced this information during discovery in this case (Doc. 34-2, p. 10):

---

[1] Some parts of the record refer to Mr. Burton's title as "assistant dormitory supervisor." (*See, e.g.*, Doc. 29-1, p. 27). For clarity, with respect to all employees, the Court uses the titles Miles College provided in discovery. (*See* Doc. 38-4, p. 2; Doc. 38-5, p. 2).

| **Employee** | **Date of Hire** | **Gender** | **Age** | **Pay Rate** |
|---|---|---|---|---|
| Marcia Holloway | 4/5/2008 | F | 50 | $7.25 |
| Shirley Lewis | 11/2/2007 | F | 68 | $7.92 |
| Saundra Thompson | 9/15/2007 | F | 51 | $7.92 |
| Gwen Roger | 7/31/2006 | F | 65 | $8.16 |
| Darren Young | 10/9/2013 | M | 56 | $8.40 |
| Plaintiff Abe Burton | 8/11/2009 | M | 56 | $8.74 |
| James Moore | 1/13/2003 | M | 55 | $8.78 |
| Brenda Peoples | 1/7/2013 | F | 58 | $9.00 |
| Ebonie Batie | 8/4/2015 | F | 39 | $9.27 |
| Kenneth Sellers | 9/23/2010 | M | 31 | $9.55 |
| Joseph Dotson | 8/31/1992 | M | 58 | $10.19 |

(*See* Doc. 38-4, p. 2).[2]

---

[2] The list of assistant dormitory directors that Miles College provided also includes Brandon Walker, but it is undisputed that Mr. Walker was promoted to Dormitory Director, that he was Mr. Burton's direct supervisor, and that the pay rate Miles College provided was the rate that Mr. Walker received as a dormitory director, not as an assistant dormitory director. (Doc. 29-1, pp. 10–11; Doc. 34-2, p. 10; Doc. 38-4, p. 2; Doc. 38-5, p. 2). Thus, the Court does not include Mr. Walker in this list of assistant dormitory directors.

Miles College argues that Gertrude Bitten and Maria Finley are not similarly situated comparators because they were employed as a Housing Services Coordinator and Dorm Service Coordinator, respectively, not as assistant dormitory directors. (Doc. 40, pp. 11–12, 17). Mr. Burton does not identify Ms. Bitten or Ms. Finley as potential comparators, and the Court has not considered either as a comparator.

Mr. Burton disputes the information in this chart but does not specify what information he believes is incorrect and does not provide evidence that would contradict the information in the chart. (Doc. 44, p. 3). Absent evidentiary support, Mr. Burton's bare denial does not create a

3

Mr. Burton filed an EEOC charge of discrimination against the college on January 2, 2014. (Doc. 29-1, p. 12; Doc. 30-1, p. 2). He filed this action on December 24, 2014. (Doc. 1). Mr. Burton alleges that Miles College pays him less per hour than it pays similarly situated younger employees and similarly situated female employees. (Doc. 1, p. 1).

Miles College asks the Court to grant its motion for summary judgment because it asserts that Mr. Burton has not presented sufficient evidence to make a prima facie case of discrimination under either Title VII of the Civil Rights Act of 1964 (Title VII) or the Age Discrimination in Employment Act of 1967 (ADEA).[3]

## ANALYSIS

Under Title VII, an employer may not "fail or refuse to hire" or "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

---

genuine dispute of fact. *See* Fed. R. Civ. P. 56(c)(1)(A).

[3] Miles College also argues that (1) the claims in Mr. Burton's complaint exceed the scope of the allegations in his EEOC charge; (2) Mr. Burton cannot demonstrate that he suffered an adverse employment action; (3) Mr. Burton has failed to allege age was the only motivating factor for the college's decision to pay him less than other employees; and (4) the college has proffered a legitimate, non-discriminatory explanation for its decision to pay Mr. Burton less that other employees. (Doc. 40, pp. 10, 13–17). Because the Court agrees with Miles College that Mr. Burton cannot establish a prima facie case of discrimination, the Court does not address these additional arguments for summary judgment.

2(a)(1). Similarly, under the ADEA, an employer may not "fail or refuse to hire" or "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Kentucky Ret. Sys. v. E.E.O.C.*, 554 U.S. 135, 141 (2008). A plaintiff who alleges employment discrimination, whether under Title VII or the ADEA, must prove that the defendant intentionally discriminated against him. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016), *cert. denied*, __ U.S. __, 137 S. Ct. 1133 (2017).

Mr. Burton relies on circumstantial evidence of discrimination.[4] "When, as here, a Title VII or ADEA plaintiff's employment discrimination claim is based on circumstantial evidence, courts apply the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792[] (1973)." *Trask*, 822 F.3d at 1191. "Under the *McDonnell Douglas* framework, a plaintiff must first create an inference of discrimination through [his or] her prima facie case." *Id.* "Once the plaintiff has made a prima facie case, a rebuttable presumption arises that the

---

[4] In his opposition to the college's motion for summary judgment, Mr. Burton cites no direct evidence of discrimination, and he argues only that he has submitted sufficient circumstantial evidence to raise an inference of discrimination. (*See* Doc. 44). Further, in his deposition, Mr. Burton admitted that he could not name any decisionmaker who had said anything to him that made him think his pay was lower because of discriminatory intent. (Doc. 29-1, pp. 9–10).

employer has acted illegally." *Id.* (quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010)). "The employer can rebut that presumption by articulating one or more legitimate non-discriminatory reasons for its action." *Id.* (quoting *Alvarez*, 610 F.3d at 1264). If the employer does so, then "the burden shifts back to the plaintiff to produce evidence that the employer's proffered reasons are a pretext for discrimination." *Id.* (quoting *Alvarez*, 610 F.3d at 1264). "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

To make a prima facie case of discrimination, Mr. Burton must show that he was treated less favorably "under circumstances which give rise to an inference of unlawful discrimination." *Burdine*, 450 U.S. at 253. "[T]he prima facie case 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Id.* at 254 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

A plaintiff may establish a prima facie case of sex or age discrimination by

the use of comparator evidence—that is, by showing that he was treated less favorably than a similarly-situated individual of the opposite sex or than a similarly-situated individual who is substantially younger. *See Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012) (Title VII); *Reeves*, 530 U.S. at 142 (quoting 29 U.S.C. § 631(a)) (ADEA); *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (ADEA). To establish a prima facie case of discrimination by the use of comparator evidence, a plaintiff must show that the comparators he identifies are "similarly situated in all relevant respects." *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). A plaintiff may not pick from a valid set of comparators only those who allegedly were treated more favorably, "and completely ignore a significant group of comparators who were treated equally or less favorably than [he]." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 646–47 (3d Cir. 1998); *see also English v. Colorado Dep't of Corr.*, 248 F.3d 1002, 1012 (10th Cir. 2001) (quoting *Simpson*, 142 F.3d at 646–47).

Mr. Burton asserts that the following three employees are similarly situated younger or female employees who the college pays more than him without

justification: Kenneth Sellers, Corey Batie, and Brenda Peoples. (Doc. 44, p. 1).[5]

Mr. Batie is not similarly situated to Mr. Burton. Mr. Batie is not an assistant dormitory director; he is a weekend assistant dormitory director. Miles College pays weekend assistant dormitory directors more than it pays assistant dormitory directors. (*See* Doc. 38-5, p. 2 (indicating that, on average, Miles College pays assistant dormitory directors $8.60/hour and pays weekend assistant dormitory directors $9.70/hour); Doc. 44, p. 4 (Mr. Burton not disputing that Miles College paid weekend employees a higher hourly rate)). Because Mr. Batie is not similarly situated to Mr. Burton, he is not an appropriate comparator.

That leaves Mr. Sellers and Ms. Peoples as the comparators Mr. Burton prefers, but he may not identify these two assistant dormitory directors as comparators and ignore the other eight. *See Simpson*, 142 F.3d at 646–47. It is true that Miles College pays Ms. Peoples more than it pays Mr. Burton— $9.00/hour as compared to $8.74/hour (Doc. 38-4, p. 2)—but Miles College also employs Ms. Batie, Ms. Holloway, Ms. Lewis, Ms. Roger, and Ms. Thompson as assistant dormitory directors (Doc. 38-4, p. 2). Miles College pays each of these

---

[5] Mr. Burton also asserts that Brandon Walker is a similarly situated individual who the college treated more favorably than him (Mr. Burton). (Doc. 44, p. 1). As the Court has explained, Mr. Walker is not an assistant dormitory director; he is a dormitory director and Mr. Burton's direct supervisor. *See* n.2, *supra*; Doc. 34-2, p. 10; Doc. 38-5, p. 2 (indicating that, on average, Miles College pays assistant dormitory directors $8.60/hour and pays dormitory directors $10.28/hour). Therefore, Mr. Walker is not a valid comparator.

women the same as or less than the college pays Mr. Burton—$8.74/hour, $7.25/hour, $7.92/hour, $8.16/hour, and $7.92/hour respectively. (Doc. 38-4, p. 2). On average, Miles College pays its male assistant dormitory directors $9.13/hour and its female assistant dormitory directors $8.12/hour. (*See* Doc. 38-4, p. 2). Thus, the evidence indicates that Miles College pays Mr. Burton more because of his gender, not less.

It is also true that Miles College pays Mr. Sellers, age thirty-one, more than it pays Mr. Burton, age fifty-six—$9.55/hour as compared to $8.74/hour (Doc. 38-4, p. 2)—but Miles College also employs Ms. Batie, Ms. Holloway, and Ms. Thompson, each of whom is substantially younger than Mr. Burton. (Doc. 38-4, p. 2).[6] Miles College pays each the same as or less than it pays Mr. Burton—$8.74/hour, $7.25/hour, and $7.92/hour respectively. (Doc. 38-4, p. 2). On average, Miles College pays individuals substantially younger than Mr. Burton $8.45/hour, which is less than the $8.74/hour it paid Mr. Burton. (*See* Doc. 38-4,

---

[6] Miles College argues that certain individuals cannot be age comparators because these individuals, like Mr. Burton, are at least forty years of age. (Doc. 40, p. 16). The Supreme Court has held that, under the ADEA, a plaintiff must show that he was treated less favorably than a comparator who was "substantially younger," but need not show that the comparator was less than forty years of age. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312–13 (1996); *Liebman*, 808 F.3d at 1298–99 ("The proper inquiry under *McDonnell Douglas* is whether Weiss was substantially younger than Liebman."). Age differences of as little as three years may qualify as "substantially younger." *Liebman*, 808 F.3d at 1299 (collecting cases).

p. 2).⁷ In addition, the college's highest paid assistant dormitory director is two years older than Mr. Burton. (Doc. 38-4, p. 2). These circumstances do not give rise to an inference of discrimination based on Mr. Burton's age.

## CONCLUSION

Mr. Burton has not met his burden to make a prima facie case of age or gender discrimination because the circumstantial evidence he submits does not give rise to an inference of discrimination. Accordingly, the Court GRANTS Miles College's motion for summary judgment (Doc. 39). The Court will enter a separate final judgment.

**DONE** and **ORDERED** this December 11, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

⁷ The Court considers Mr. Sellers, Ms. Batie, Ms. Holloway, and Ms. Thompson to be "substantially younger" than Mr. Burton. *See Liebman*, 808 F.3d at 1299.